UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY L.G. JOHNSON and <br> JOSEPH JOHNSON, | ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) | No. 4:19-cv-1694-ERW |
| UNITED STATES, et al., | ) <br> ) <br> ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiffs Jeffrey L.G. Johnson and Joseph Johnson for leave to proceed in forma pauperis in this civil action. Upon consideration of the motions and the financial information provided in support, the Court concludes that plaintiffs are unable to pay the filing fee. The motions will therefore be granted. Additionally, the Court will dismiss the complaint.

This Court is required to dismiss a complaint filed in forma pauperis upon the determination that, *inter alia*, it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.*

The instant action is similar to actions that one or both of these plaintiffs previously filed and that this Court dismissed pursuant to one of the grounds specified in 28 U.S.C. § 1915(e)(2)(B).[1] In the instant complaint, plaintiff Jeffrey L.G. Johnson purports to be the "executor" of an estate, and plaintiff Joseph Johnson purports to be the estate's "legal proxy." Plaintiffs name nearly 200 defendants, most of whom are government officials. The defendants include United States presidents, members of Congress, Attorneys General, Supreme Court Justices, Judges of this Court, Judges of the Eighth Circuit Court of Appeals, officials from the Department of Justice, the Federal Bureau of Investigation, and the Central Intelligence Agency, state court judges, administrative law judges, the Vatican, the Department of Homeland Security, and many others. Some of the defendants are deceased.

The complaint spans 71 pages, and contains allegations concerning various matters. For example, plaintiffs repeatedly complain about the unfavorable outcomes of prior civil actions. They also repeatedly refer to "Title III surveillance" and "Title III spying" programs they allege various defendants conspired to promote and/or conceal. In a section of the complaint titled "SUMMARY," plaintiffs write:

> The JUDICIAL DEPARTMENT accessories-after-the-fact 18 U.S.C. S 3 dismissed as frivolous plaintiffs' complaint joining Title III felony criminal admission, denied certiorari review, or dismissed citing want of jurisdiction, and denied plaintiff mandamus relief, circumvented the Supreme Court's original jurisdiction in litigation involving a state, because the courts did not want to reveal, just how expansive the Title III spying program was, and, because jurist [judicial colleagues] aided and abetted the commission of criminal acts under 18 U.S.C. S 912 during court proceedings by government employees [federal and state actor(s)].

(Docket No. 1 at 68) (emphasis in original). Plaintiffs also express dissatisfaction with the outcome of a state probate matter. They write: "State of Missouri probate proceeding No. 3-87-

---

[1] *See Johnson v. Barack H. Obama, et al.,* No. 4:10-cv-2303-RWS (E.D. Mo. 2011), *Johnson, et al. v. United States, et al.,* No. 4:12-cv-896-JAR (E.D. Mo. 2012), and *Johnson, et al. v. United States, et al.*, No. 4:12-cv-2155-AGF (E.D. Mo. 2012).

0974-P-D morphs into Title III surveillance, eavesdropping, and interception program by the United States and State of Missouri, with mitigating criminal violations of human rights under international law, and murder of a U.S. citizen by an employee of a Foreign City, State [Vatican] whose sovereign immunity waived 28 U.S.C.A. 1601 et seq." *Id.* at 52. The complaint continues in this manner.

Having reviewed the complaint, the Court determines that the allegations therein are "clearly baseless" under the standard set forth in *Neitzke* and *Denton.* Consequently, the Court will dismiss this action as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiffs have also filed a motion titled "Plaintiffs' Motion for Recusal and Motion for Other Purposes," in which they state they file their "motion for Recusal against defendant United States Department of Justice." (Docket No. 2). The motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Jeffrey L.G. Johnson's motion for leave to proceed in forma pauperis (Docket No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Joseph Johnson's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IT IS FURTHER ORDERED** that "Plaintiffs' Motion for Recusal and Motion for Other Purposes" (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 8th day of July, 2019.

*E. Richard Webber*

———————————————————
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE